1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ZANE HUBBARD,                          No.  1:23-cv-01102-ADA-SKO (HC)

12                    Petitioner,            ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS, DISMISSING
13           v.                              PETITION FOR WRIT OF HABEAS
                                             CORPUS, AND DECLINING TO ISSUE A
14    UNITED STATES,                         CERTIFICATE OF APPEALABILITY

15                    Respondent.            (ECF No. 6)

16

17          Petitioner Zane Hubbard is a state prisoner proceeding pro se and in forma pauperis with

18    a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On July 25, 2023, the Magistrate Judge issued findings and recommendations,

21    recommending that the Court dismiss the petition as successive.  (ECF No. 6.)  Petitioner filed

22    objections, claiming that his writ does not challenge his underlying conviction or conditions of his

23    confinement.  (ECF No. 7.)  Rather, he claims that his inmate trust account depletes too quickly

24    for him to purchase necessities, a state of affairs that is "excessively punitive." (*Id.* at 2.)  It

25    appears that Petitioner's place of confinement withdraws money from his inmate trust account

26    every month pursuant to 28 U.S.C. § 1915 to pay the filing fees of Petitioner's eleven active civil

27    rights complaints.  (*Id.*)  Petitioner's objections, therefore, concede that his filing does not

28    challenge the fact of his underlying conviction by raising a new, retroactive constitutional right or

                                             1

demonstrating previously undiscoverable facts that would establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense.  To the extent Petitioner believes he is paying more than he should in filing fees in any particular civil case, he should raise the issue in that case, not in a petition for writ of habeas corpus.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court also declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Here, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

Accordingly,

1.      The findings and recommendations issued on July 25, 2023, (ECF No. 6), are adopted in full;

2.      The petition for writ of habeas corpus is dismissed with prejudice;

3.      The Clerk of Court is directed to enter judgment and close the case; and

1          4.      The Court declines to issue a certificate of appealability.

2

3

4    IT IS SO ORDERED.

5       Dated:   August 22, 2023

6                                                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28